**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDSON ACEVEDO,<br>*Petitioner*,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br>*Respondent*. | No. 12-71237<br><br>Agency No.<br>A077-360-202<br><br>OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2015*
Pasadena, California

Filed August 24, 2015

Before: William A. Fletcher, Richard A. Paez,
and Marsha S. Berzon, Circuit Judges.

Opinion by Judge Paez

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY**

### Immigration

The panel denied Edson Acevedo's petition for review of the Board of Immigration Appeals' decision denying his claim that he derived citizenship from his United States citizen stepfather.

The panel held that Acevedo did not derive citizenship under 8 U.S.C. § 1431(a) from his stepfather, who married his non-citizen mother after he was born and never adopted him. The panel found that the BIA correctly concluded in *Matter of Guzman-Gomez*, 24 I. & N. Dec. 824 (BIA 2009), that the definition of "child" in § 1101(c)(1), the portion of the Immigration and Nationality Act that applies to citizenship and naturalization, does not include stepchildren. The panel also found that Congress did not intend § 1101(b)'s definition of child, which does include stepchildren, to apply to § 1431(a).

### COUNSEL

Eduardo A. Paredes, Law Office of Eduardo A. Paredes, Los Angeles, California, for Petitioner-Appellant.

Stuart F. Delery, Principal Deputy Assistant Attorney General, United States Department of Justice, Civil Division; Terri J. Scadron, Assistant Director, Meadow W. Platt, Trial

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C. for Respondent-Appellee.

## OPINION

PAEZ, Circuit Judge:

Edson Acevedo petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the Immigration Judge's ("IJ") decision denying his claim to derivative citizenship and ordering him removed. Acevedo argues that he derived citizenship under 8 U.S.C. § 1431(a) from his United States citizen stepfather. We deny the petition.

## I.

Edson Acevedo was born in Mexico in 1987. Both of his biological parents are Mexican nationals. In 2000, when he was 12 years old, his mother married a United States citizen. The following year, Acevedo's stepfather filed a Petition for Alien Relative on Acevedo's behalf, and in 2002 Acevedo was admitted to the United States as a lawful permanent resident. Acevedo's stepfather did not legally adopt him.

In 2008, Acevedo pled guilty to a charge of domestic violence in violation of  California Penal Code section 273.5(a).  Acevedo was initially granted probation, but violated its terms, and was ultimately sentenced to two years of imprisonment.  In January 2010, the Department of Homeland Security filed a Notice to Appear, charging Acevedo with being subject to removal as an alien convicted

of a crime of domestic violence under 8 U.S.C.
§ 1227(a)(2)(E)(i).

Acevedo argued before the IJ that he derived citizenship
from his stepfather under 8 U.S.C. § 1431(a). The IJ
concluded that the BIA's decision in *Matter of Guzman-Gomez*, 24 I. & N. Dec. 824 (B.I.A. 2009), foreclosed this
argument, sustained the removability charge, and ordered
Acevedo removed. Acevedo appealed; the BIA affirmed the
IJ's decision and dismissed the appeal. Acevedo filed a
timely petition for review in this court.

## II.

We have jurisdiction to review Acevedo's claim that he
is a U.S. citizen under 8 U.S.C. § 1252(b)(5). The parties do
not dispute the facts of the case, and therefore we need not
transfer this case to the district court. *Id.* § 1252(b)(5)(A).

Where, as here, the BIA conducts an independent review
of the IJ's findings and legal conclusions, we review the
BIA's decision and not that of the IJ. *Romero-Ruiz v.
Mukasey*, 538 F.3d 1057, 1061 (9th Cir. 2008). "We review
de novo the legal questions involved in a claim that a person
is a national of the United States." *Id.* And, "[b]ecause the
INA explicitly places the determination of nationality claims
solely in the hands" of the federal courts, "we are not required
to give [deference under *Chevron, U.S.A., Inc. v. Natural
Resources Defense Council, Inc.*, 467 U.S. 837 (1984)] to the
agency's interpretation of the citizenship laws." *Minasyan v.
Gonzales*, 401 F.3d 1069, 1074 (9th Cir. 2005) (internal
quotation marks omitted).

"There are two sources of citizenship, and two only: birth and naturalization." *Scales v. INS*, 232 F.3d 1159, 1164 (9th Cir. 2000) (quoting *Miller v. Albright*, 523 U.S. 420, 423 (1998) (opinion of Stevens, J.)) (internal quotation marks omitted). "Citizenship at birth can be acquired by being born in the United States," but "[i]f a person is not born in the United States, he or she can acquire citizenship at birth only as provided by Congress." *Id*. Because Acevedo was born in Mexico, we must determine whether Congress provides stepchildren like Acevedo with derivative citizenship under 8 U.S.C. § 1431.

## III.

In support of his claim to derivative citizenship, Acevedo proposes two statutory interpretations, both relating to the definitions of "child" in the Immigration and Nationality Act ("INA"). The INA contains two definitions of "child." One applies to immigration-related provisions, and explicitly includes stepchildren, 8 U.S.C. § 1101(b)(1).[1] The other applies to citizenship and naturalization provisions, § 1101(c)(1), and does not explicitly include stepchildren.[2]

---

[1] 8 U.S.C. § 1101(b)(1) provides, in part, "The term 'child' means an unmarried person under twenty-one years of age who is . . . (B) a stepchild, whether or not born out of wedlock, provided the child had not reached the age of eighteen years at the time the marriage creating the status of stepchild occurred."

[2] 8 U.S.C. § 1101(c)(1) provides that

> [t]he term 'child' means an unmarried person under twenty-one years of age and includes a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in the United States or elsewhere,

Relatedly, 8 U.S.C. § 1431(a), on which Acevedo relies, provides derivative citizenship for foreign-born children of U.S. citizens, while § 1431(b) provides for such citizenship only for adopted children.[3]  Section 1431(b) refers to the definition of "child" in § 1101(b), but only in reference to "the requirements applicable to adopted children."  8 U.S.C.

---

and, except as otherwise provided in sections 1431 and 1432 of this title, a child adopted in the United States, if such legitimation or adoption takes place before the child reaches the age of 16 years [with certain exceptions], and the child is in the legal custody of the legitimating or adopting parent or parents at the time of such legitimation or adoption.

[3] 8 U.S.C. § 1431 provides:

(a) In general

A child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:

(1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization.

(2) The child is under the age of eighteen years.

(3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

(b) Adoption

Subsection (a) of this section shall apply to a child adopted by a United States citizen parent if the child satisfies the requirements applicable to adopted children under section 1101(b)(1) of this title.

§ 1431(b). Acevedo contends that if the term child in § 1431(a) is controlled by the definition of child in § 1101(c)(1), then we should read § 1101(c)(1) to include stepchildren, just as § 1101(b)(1) does. Alternatively, he contends that the term child in § 1431(a) implicitly incorporates the definition of child in § 1101(b)(1), something that § 1431(b) expressly does, though, again, only in reference to that section's "requirements applicable to adopted children."

## A.

Agreeing with the IJ, the BIA rejected Acevedo's first argument by relying on its decision in *Matter of Guzman-Gomez*. Although we do not owe *Chevron* deference to the BIA when it interprets citizenship laws, *see Minasyan*, 401 F.3d at 1074, we agree with the BIA's conclusion and reject Acevedo's proffered interpretation of § 1101(c)(1) as including stepchildren. *Accord United States v. Sarwari*, 669 F.3d 401, 408 & n.5 (4th Cir. 2012).

The material facts of *Guzman-Gomez* are indistinguishable from Acevedo's: Guzman-Gomez argued that he derived citizenship under § 1431(a) from his stepfather, who did not legally adopt him and who married his noncitizen mother after he was born. 24 I. & N. Dec. at 824–25. The BIA concluded that "comparison of sections [1101(b)(1) and (c)(1)] shows that when Congress wants the term 'child' to encompass stepchildren for some purpose under the Act, it knows how to make its intention clear in that regard." *Id.* at 827. The BIA relied on the "well established" principle that "a negative inference may reasonably be drawn from the exclusion of language from one statutory provision that is included in other provisions of the same statute" to

conclude that Congress's omission of stepchildren from § 1101(c)(1) was intentional. *Id*.; *see also INS v. Cardoza-Fonseca*, 480 U.S. 421, 432 (1987) (stating the same principle).

If the only evidence of congressional intent were the observation that stepchildren are included in subsection (b), but excluded from subsection (c), that negative inference might not be conclusive here. After all, subsection (b) also includes "a child born in wedlock," 8 U.S.C. § 1101(b)(1)(A), while subsection (c) does not explicitly list such a person, instead noting only that the term "child" "includes" certain legitimated and adopted children, *id.* § 1101(c)(1). Congress surely intended biological children born in wedlock to U.S. Citizens to qualify as "children" for naturalization purposes, yet such children, like stepchildren, are not explicitly mentioned in subsection (c).

As the BIA pointed out, however, legislative history also undermines Acevedo's argument. The BIA in *Guzman-Gomez* also examined the legislative history of the first version of the INA, the McCarran-Walter Act of 1952, in which the two definitions of child originated. *Id.* at 827–28. That history shows that a Senate subcommittee (the Special Subcommittee to Investigate Immigration and Naturalization, a subcommittee of the Senate Committee on the Judiciary) prepared a report on proposed changes to the immigration system and "affirmatively disclaimed any intention to change the existing law" with respect to derivative citizenship, *id.* at 828, which then provided that "[s]tepchildren do not derive citizenship through the naturalization of a stepparent." S. Rep. No. 81-1515, at 707 (1950).

While the question addressed by the Senate report was not precisely the one at issue here — the question for us is not whether a stepchild derives citizenship when his stepparent naturalizes, but whether he derives citizenship when his biological parent marries a person who is already a U.S. citizen — the report convinces us that the inclusion of "stepchild" in the definition applicable to the INA's immigration provisions, and the omission of it from the definition applicable to the naturalization provisions, was purposeful. We therefore give it the intended effect and hold that the definition of "child" in § 1101(c)(1) does not include stepchildren.

**B.**

The BIA's decision in *Matter of Guzman-Gomez* did not address Acevedo's second argument, that the reference to 8 U.S.C. § 1101(b)(1) contained in 8 U.S.C. § 1431(b) should be read also to apply to 8 U.S.C. § 1431(a). However, canons of construction, as well as the legislative history of the section, which we use as an interpretive tool to understand Congress's purpose in enacting it, lead us to reject Acevedo's claim.

"[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Cardoza-Fonseca*, 480 U.S. at 432 (alteration in original). In § 1431(b), Congress expressly referenced § 1101(b)'s definition of child, which includes stepchildren. Because Congress did not similarly reference § 1101(b)'s definition in § 1431(a), we must infer that Congress did not intend that definition to apply to § 1431(a). Rather, we infer that

Congress intended to apply the INA's default definition. That definition is supplied by § 1101(c), which applies generally to the INA's citizenship provisions and, as we have held, does not include stepchildren.

Moreover, § 1431(b) does not incorporate wholesale the definition of child found in § 1101(b)(1). Instead, it provides that "[s]ubsection (a) of this section shall apply to a child adopted by a United States citizen parent if the child satisfies the requirements applicable to adopted children under section 1101(b)(1) of this title." 8 U.S.C. § 1431(b). We do not read the reference to § 1101(b)(1) in § 1431(b) to extend further than incorporation of the requirements applicable to adopted children listed in the former. Acevedo was never adopted, so the requirements applicable to adopted children under that subsection do not apply.

Finally, the purpose of § 1431, which was to streamline adoptions abroad, does not support Acevedo's interpretation. *See* 146 Cong. Rec. 18,493–94 (2000) (statement of Rep. Smith explaining purpose of Act); H.R. Rep. No. 106–852, at 11–12 (2000) (Department of Justice letter to Congress). Congress was so focused on adopted children, in fact, that an early version provided adoptees alone with a special form of automatic derivative citizenship. *See* H.R. Rep. No. 106–852, at 10. As the Department of Justice pointed out in a letter to the House Committee on the Judiciary, which was responsible for the bill, such a law would "favor adopted, non-citizen children of United States citizens over *biological*, non-citizen children of United States citizens." *Id.* at 11 (emphasis added). Instead, the Department of Justice proposed and provided "alternative draft legislation that . . . creat[ed] a standard set of conditions for foreign-born children . . . to acquire citizenship." *Id.* at 11–12. The

Department assured the committee that the alternative draft legislation "provides for fair treatment of all *biological* and adopted children in terms of acquisition of United States citizenship." *Id.* at 12 (emphasis added).

The House amended the bill to conform to the alternative version the Department of Justice proposed, and both the House and the Senate passed that version without further amendment. Child Citizenship Act of 2000, Pub. L. No. 106–395, 114 Stat. 1631. Nothing in the legislative history, therefore, indicates any intention to broaden the derivative citizenship provisions previously extant to encompass stepchildren.

As Acevedo makes no other challenge, we deny the petition.

**PETITION DENIED.**